UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

MADISON CAPITAL COMPANY, LLC,

    PLAINTIFF

v.

S & S SALVAGE, LLC,

    DEFENDANT.

CIVIL ACTION NO. __4:08cv-134 M__

**ELECTRONICALLY FILED**

**COMPLAINT**

Plaintiff Madison Capital Company, LLC ("Madison") states the following for its Complaint against Defendant S & S Salvage, LLC ("S & S"):

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Madison is a Delaware limited liability company with its principal place of business in Greenwood Village, Colorado. None of Madison's members reside in the Commonwealth of Kentucky.

2. Defendant S & S is a Kentucky limited liability company with its principal office located in Dixon, Kentucky and whose agent for service of process is Tammy K. Smith, S & S Salvage, LLC, 112 E. Main St., Providence, KY 42450.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between Madison and S & S and because the amount in controversy exceeds $75,000, excluding interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to Madison's claims against S & S occurred in this District.

## GENERAL ALLEGATIONS

5. Madison incorporates by reference the allegations set forth in paragraphs 1 through 4 as if specifically set forth herein.

6. In December of 2005, American Engineering & Construction Corp. ("AECC") sold certain parts including metal shields from a Joy Longwall Mining System (the "Shields") as scrap metal to S & S for $184,410.65.  A copy of the Invoice evidencing the sale is attached as Exhibit A.

7. In December of 2005, S & S sold the Shields as scrap metal to River Metals Recycling, LLC ("River Metals") and is no longer in possession of the Shields.

8. At the time AECC sold the Shields to S & S, they were subject to a security interest in favor of Community Trust Bank, Inc. ("Community Trust") to secure a February 4, 2005 Loan Agreement made by Community Trust to AECC and others (the "2005 Loan Agreement").  Documents evidencing the Security Agreement through which Community Trust acquired the security interest in the Shields are attached as Exhibit B.

9. At the time AECC sold the Shields to S & S, Community Trust's security interest in the Shields was filed of public record; therefore, S & S knew or should have known of Community Trust's security interest.

10. In violation of the Security Agreement, AECC did not obtain Community Trust's written consent to sell the Shields to S & S prior to doing so.

11. On June 1, 2006, Community Trust entered into an Amended and Restated Loan Agreement with AECC and others (the "Restated Loan Agreement") to replace the 2005 Loan Agreement.  Community Trust's security interest in the Shields continued pursuant to the June 1, 2006 Amended and Restated Security Agreement that was executed as a part of the Restated

Loan Agreement.  Documents evidencing the June 1, 2006 Amended and Restated Security Agreement are attached as Exhibit C.

12. Community Trust's security interest in the Shields under the Security Agreement and the Amended and Restated Security Agreement were at all times relevant hereto perfected security interests of public record.

13. On September 29, 2006, pursuant to a Loan Assignment (the "Assignment"), Madison acquired, among other things, Community Trust's continuing perfected security interest in the Shields.  Documents evidencing the Loan Assignment are attached as Exhibit D.

14. On October 2, 2006, Madison recorded its ownership of a perfected security interest in, among other things, the Shields as assignee of the Amended and Restated Security Agreement by filing a UCC Financing Statement Amendment with the Kentucky Secretary of State.

15. AECC and the other borrowers are in default under the Restated Loan Agreement, which gives Madison the right under the Amended and Restated Security Agreement to, among other things, possess or otherwise dispose of the Shields.

## COUNT I

## CONVERSION

16. Madison incorporates by reference the allegations set forth in paragraphs 1 through 15 as if specifically set forth herein.

17. At the time S & S purchased the Shields from AECC and resold them to River Metals, Community Trust held a perfected security interest in the Shields, which security interest was of public record, so S & S knew or should have known of Community Trust's security interest in the Shields.

18. Community Trust's perfected security interest was first, prior, and superior to any interest that S & S acquired by purchasing the Shields from AECC.

19. By purchasing the Shields from AECC and reselling them to River Metals within the same month, S & S intentionally exercised dominion and control over the Shields for its own use in a manner that was inconsistent with Community Trust's perfected security interest in the Shields, thereby wrongfully converting the Shields.

20. S & S's wrongful conversion of the Shields deprived Community Trust of collateral that secures the Restated Loan Agreement.

21. As set forth above, Madison is the owner of a first, prior, and superior perfected security interest in the Shields; therefore, S & S is liable to Madison in an amount that exceeds the minimum sum necessary to establish the jurisdiction of this Court as a result of S & S's conversion of the Shields.

## COUNT II

## CONSTRUCTIVE TRUST

22. Madison incorporates by reference the allegations set forth in paragraphs 1 through 21 as if specifically set forth herein.

23. Community Trust's perfected security interest in the Shields, which was of public record at the time S & S purchased the Shields from AECC, and which as set forth above is owned by Madison, is first, prior, and superior to any interest S & S acquired by purchasing the Shields from AECC and continues in and attaches to the proceeds from S & S's sale of the Shields to River Metals.

24. Madison's superior interest in the proceeds from S & S's sale of the Shields to River Metals entitles it to have this Court impose a constructive trust for its benefit upon the proceeds received by S & S through its wrongful conversion of the Shields.

## COUNT III

## CLAIM TO PROCEEDS

25. Madison incorporates by reference the allegations set forth in paragraphs 1 through 24 as if specifically set forth herein.

26. At the time S & S purchased the Shields from AECC and resold them to River Metals, Community Trust held a perfected security interest in the Shields, which security interest was of public record, so S & S knew or should have known of Community Trust's security interest in the Shields.

27. Community Trust's perfected security interest was first, prior, and superior to any interest that S & S acquired by purchasing the Shields from AECC.

28. Pursuant to KRS 355.9-315, Community Trust's perfected security interest in the Shields attached to and continues in any identifiable proceeds from S & S's sale of the Shields.

29. As set forth above, Madison is the owner of Community Trust's first, prior, and superior perfected security interest in the Shields; thereby giving Madison priority to any such proceeds over S & S.

**WHEREFORE,** the Plaintiff, Madison Capital Company, LLC, requests the following relief:

A. That it be granted judgment against S & S under Counts I, II, and III of the Complaint in an amount exceeding the minimum sum necessary to establish the jurisdiction of this Court and equal to the greater of the fair market value of the Shields, the sale price of the

Shields between AECC and S & S, or the sale price of the Shields between S & S and River Metals;

      B.      That it be awarded pre and post judgment interest;

      C.      That it recover its costs, expenses, and attorneys' fees incurred herein;

      D.      That the Court order S & S Salvage, LLC to provide an accounting of the proceeds from the sale of the Shields, including but not limited to a production of documents that trace the proceeds of the sale; and

      E.      Any and all other relief to which it may appear entitled under KRS Chapter 355, other applicable law, or to which it may otherwise appear entitled.

*/s/ Gregory P. Parsons*
Gregory P. Parsons
STITES & HARBISON, PLLC
250 W. Main St., Suite 2300
Lexington, KY  40507
Telephone: (859) 226-2300
gparsons@stites.com

and

Steven M. Henderson
STITES & HARBISON, PLLC
400 W. Market St., Suite 1800
Louisville, KY  40202
Telephone:  (502) 587-3400
shenderson@stites.com

COUNSEL FOR PLAINTIFF, MADISON CAPITAL COMPANY, LLC