# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:08-CV-00134-JHM**

| | |
|---|---|
| **MADISON CAPITAL COMPANY, LLC** | **PLAINTIFF** |
| V. | |
| **S & S SALVAGE, LLC,** and **RIVER METALS RECYCLING, LLC** | **DEFENDANTS** |
| and | |
| **RIVER METALS RECYCLING, LLC** | **CROSS-CLAIM PLAINTIFF** |
| V. | |
| **S & S SALVAGE, LLC** | **CROSS-CLAIM DEFENDANT** |
| and | |
| **S & S SALVAGE, LLC** | **THIRD PARTY PLAINTIFF** |
| V. | |
| **AMERICAN MINING & MANUFACTURING CORPORATION** and **TIMOTHY P. SMITH** | **THIRD PARTY DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Madison Capital Company, LLC's Motion to Certify the June 15, 2011 Memorandum Opinion and Order as Final and Appealable [DN 134]. Defendant S & S Salvage, LLC has responded by agreeing with the motion and Defendant River Metals Recycling, LLC has failed to respond. For the following reasons, the Court **GRANTS** Plaintiff's motion.

# I. BACKGROUND

On November 10, 2008, Plaintiff Madison filed suit in this Court alleging claims for conversion, negligence, replevin, constructive trust, trespass, and wrongful withholding against Defendants River Metals and S&S. On January 19, 2011, the Court issued a Memorandum, Opinion and Order partially granting Defendants S&S's and River Metals' motions for summary judgment on Plaintiff Madison's Complaint. Thereafter, Plaintiff Madison filed a motion to alter, vacate or amend the January 19th order and Defendants filed a subsequent motion for summary judgment. On June 15, 2011, the Court denied Plaintiff's motion to amend and granted Defendants' motion for summary judgment as to Plaintiff's remaining claims. The June 15th Order effectively dismissed all of Plaintiff's claims, however, cross-claims by Defendant River Metals against S&S remain, as do third-party claims by S&S against third-party Defendant Timothy Smith. Plaintiff has moved the Court to certify its June 15th Order as final and appealable pursuant to Fed. R. Civ. P. 54(b).

# II. DISCUSSION

Rule 54(b) provides, in part, that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

Thus, the Sixth Circuit has held that Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. General Acquisition v. Gencorp, Inc., 23 F.3d 1022, 1026 (6th Cir. 1994). Second, the district court must "expressly determine that there is no just

2

reason to delay" appellate review. Id. The Sixth Circuit has stated that Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Lowery v. Fed. Express Corp., 426 F.3d 817, 820 (6th Cir. 2005) (quoting Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 60 (6th Cir. 1986)).

## A. Final Judgment

To meet the first requirement of a final judgment as "to one or more but fewer than all of the claims or parties," the judgment must represent "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Lowery, 426 F.3d at 821 (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)). It seems clear that this requirement has been met here, where the Court has dismissed all of the claims filed by Plaintiff Madison, but Defendant River Metals' cross-claims and Defendant S&S's third-party claims remain. Thus, the Court finds that the first requirement for Rule 54(b) certification is met.

## B. Reason for Delay

The second requirement of Rule 54(b)-that there is no reason for delay-requires the Court to balance the following, non-exhaustive list of factors:

1) the relationship between the adjudicated and unadjudicated claims;

2) the possibility that the need for review might or might not be mooted by future developments in the district court;

3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

4) the presence of absence or a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and

5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and expense and the like.

3

Lowery, 426 F.3d at 822 (citing Gen. Acquisition, 23 F.3d at 1030). Using these factors, the Court must determine "whether the needs of the parties outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable." Lowery, 426 F.3d at 822 (quoting Gencorp, Inc. v.. Olin Corp., 390 F.3d 433, 442 (6th Cir. 2004)).

In the instant case, an examination of the factors demonstrates that there is no just reason to delay appellate review. Although there are several unadjudicated claims remaining in this action, many of them are premised on a theory of indemnification in the event that the Defendants are found liable to Plaintiff.[1] The possibility that the need for review of Plaintiff's claims might be mooted by future developments involving the remaining cross-claims and third-party claims is non-existent. It is also highly unlikely that the reviewing court will need to address the same issues presented by Plaintiff's claims a second time due to the possible adjudication of the remaining claims. Furthermore, considering that most of the remaining claims are dependent on a finding of liability on Plaintiff's claims, the interests of judicial economy favor certifying this as a final and appealable order.

As all but one of the remaining claims revolves around the adjudication of the Plaintiff's dismissed claims, and there is little possibility that the reviewing Court's decision will be altered in any way by the adjudication of River Metal's breach of warranty claim, the Court finds that there is no just reason to delay appellate review.

---

[1] The lone claim that is not premised on such a theory of recovery, River Metals' breach of warranty claim against S&S, involves many of the same underlying facts at issue with Plaintiff's claims but, it can be adjudicated without any involvement by Plaintiff.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff Madison Capital Company, LLC's Motion to Certify the June 15, 2011 Memorandum Opinion and Order as Final and Appealable [DN 134] is **GRANTED**. The Court certifies that its Memorandum, Opinion and Order dated June 15, 2011, is a final and appealable order, and that there is no just reason to delay appellate review.

cc: counsel of record