UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:08-CV-00134-JHM

| | |
|---|---|
| MADISON CAPITAL COMPANY, LLC | PLAINTIFF |
| V. | |
| S & S SALVAGE, LLC,<br>and RIVER METALS RECYCLING, LLC | DEFENDANTS |
| and | |
| RIVER METALS RECYCLING, LLC | CROSS-CLAIM<br>PLAINTIFF |
| V. | |
| S & S SALVAGE, LLC | CROSS-CLAIM<br>DEFENDANT |
| and | |
| S & S SALVAGE, LLC | THIRD PARTY<br>PLAINTIFF |
| V. | |
| AMERICAN MINING &<br>MANUFACTURING CORPORATION<br>and TIMOTHY P. SMITH | THIRD PARTY<br>DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a bill of costs submitted by Defendant River Metals Recycling, LLC, requesting the Court to tax costs in the amount of $8,679.49 against the Plaintiff, Madison Capital Company, LLC [DN 133] and a bill of costs submitted by Defendant S & S Salvage, LLC requesting the Court to tax costs in the amount of $2,974.55 against the Plaintiff, Madison Capital Company, LLC [DN 139], pursuant to Federal Rule of Civil Procedure 54(d) and

28 U.S.C. § 1920. Plaintiff has filed objections to River Metals' bill of costs [DN 136] and S&S's bill of costs [DN 140]. Fully briefed, these matters are ripe for decision.

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986). See Ford v. FedEx Supply Chain Servs., Inc., 2009 WL 1585849, at *1 (W.D. Tenn. June 3, 2009) ("There is "a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d)."). Therefore, "[t]he party objecting to the taxation bears the burden of persuading the Court that taxation is improper." Roll v. Bowling Green Metal Forming, LLC., 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing BDT Prods., Inc. v. Lexmark Intern., Inc., 405 F.3d 415, 420 (6th Cir. 2005)). In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), the Supreme Court held that a district court may award costs only for those elements contained in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**A. River Metals Bill of Costs**

Defendant River Metals seeks to recover $8,679.49 as costs. Plaintiff has objected to $5,153.99 of the requested costs on the grounds that the costs are not permitted under § 1920 or that Defendant River Metals has failed to demonstrate that the costs were reasonably necessary.

**1. *Pro Hac Vice* fees**

Plaintiff contends that Defendant River Metals should not be permitted to recover the $65 fee paid in association with its Motion to Appear *Pro Hac Vice*. Plaintiff cites Halliburton Co. v. Ward, 2007 WL 2702214, at *2 (W.D. Ky. Sept. 12, 2007), for the proposition that *pro hac vice* fees are not recoverable under § 1920. However, Roll v. Bowling Green Metal Forming, LLC, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010), specifically found that "a *pro hac vice* filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs." The Court agrees with the holding in Roll and finds that the *pro hac vice* fee is a fee paid to the clerk and is, therefore, recoverable under § 1920(1). Accordingly, Defendant River Metals is entitled to these costs in the amount of $65.

**2. Bankruptcy Filing Fee**

Defendant River Metals seeks $150 for the cost of a filing fee paid to the clerk of the bankruptcy court to join Defendant S&S's motion for relief from the stay in third-party Defendant Timothy J. Smith's pending bankruptcy action. Plaintiff argues that River Metals' decision to join in the motion was unnecessary. In support of this argument, Plaintiff points out that Defendant River Metals never requested permission to file a third party complaint, nor did it ever attempt to file such a complaint. Defendant River Metals contends that it was a necessary fee because it needed Smith to be a Defendant for purposes of apportionment and there was no guarantee that S&S would actually file the third party complaint against Smith. The Court agrees with River Metals that

3

this was a necessary cost at the time that it was incurred and is recoverable cost under § 1920(1). Accordingly, Defendant River Metals is entitled to these costs in the amount of $150.

### 3. Pacer Charges

Defendant River Metals seeks $162.64 for PACER Service Center fees. Plaintiff contends that River Metals should not be permitted to recover fees paid to the CM/ECF Pacer Service Center because those are not costs that are recoverable under § 1920. Defendant River Metals did not respond to this objection. PACER charges are not costs that are recoverable under § 1920. See Thompson v. Quorum Health Resources, LLC, 2010 WL 2044542, at *7 (W.D. Ky. May 21, 2010) (holding that PACER charges, like computer research charges, are not recoverable under § 1920). Accordingly, Defendant River Metals is not entitled to these costs.

### 4. Postage for Serving Subpoenas

Defendant River Metals seeks $71.34 for postage fees associated with mailing a subpoena. Plaintiff contends that postage fees are not recoverable costs under § 1920. Defendant River Metals did not respond to this objection. Postage fees are not costs that are recoverable under § 1920. See Thompson, 2010 WL 2044542, at *6 (finding that postage expenses are not recoverable under § 1920 (citing King v. Gowdy, 268 F. App'x 389, 391-92 (6th Cir. 2008)). Accordingly, Defendant River Metals is not entitled to these costs.

### 5. Private Process Service Fees

Defendant River Metals seeks $120 for the cost of hiring Kentucky Process Service, Inc., a private process service firm, to serve a witness with a subpoena duces tecum. Plaintiff contends that River Metals' use of the private process server was unnecessary. Plaintiff also argues that the cost of using a private process server is only recoverable to the extent that the cost does not exceed

the fee charged by the U.S. Marshals Service. River Metals responds by arguing that the private process server was required because the Marshals Service would not serve the subpoena without a court order.

In an unpublished opinion, the Sixth Circuit has held that "a district court may tax costs for private process serve fees to the extent that these private process server fees do not exceed the United States Marshal's fees." Arrambide v. Wal-Mart Stores, Inc., 33 F. App'x 199, 203 (6th Cir. 2002). No evidence has been submitted as to what the cost of service would have been by the U.S. Marshals. Rather than denying the recovery of these costs outright, the Court will grant Defendant River Metals fourteen (14) days to amend this section of its bill of costs to reflect the cost of service of the subpoena by the U.S. Marshals Service. Accordingly, the Court finds that Defendant River Metals is entitled to the costs of serving the subpoena, but only to the extent that the cost of Kentucky Process Service, Inc.'s charges do not exceed those of the U.S. Marshals Service.

**6. Long Distance Phone Charges**

Defendant River Metals seeks $583.89 for the cost of long distance phone charges associated with the telephonic depositions of Timothy Coleman and Roger Daugherty. Plaintiff contends that these telephone charges are not recoverable under § 1920. Defendant River Metals responds by arguing that the charges are recoverable as incidental expenses incurred during the taking of a deposition. The Sixth Circuit has held that long distance phone charges are ordinarily not recoverable under § 1920. King v. Gowdy, 268 F. App'x 389, 391-92 (6th Cir. 2008). Furthermore, the travel expenses of an attorney incurred for the purpose of taking a deposition are not recoverable under § 1920. Thompson, 2010 WL 2044542, at *6.

In lieu of incurring travel expenses for the purpose of taking depositions, which would not

5

have been recoverable, Defendant River Metals was able to take these two depositions by telephone. Under these circumstances, the Court finds that the costs for these long distance charges are similar to the costs of traveling for taking the deposition and are not recoverable. Accordingly, Defendant River Metals is not entitled to these charges.

### 7. Color Copy of Exhibit

Defendant River Metals seeks $50 for the cost of acquiring a color copy of an exhibit to a deposition. Plaintiff contends that this is an unnecessary charge, as the exhibit was produced earlier in discovery. Defendant River Metals argues that the copy that was produced during discovery was of a low quality that was barely comprehensible and that the enhanced color copy was necessary. The Court finds that River Metals has carried its burden and finds that River Metals is entitled to these costs in the amount of $50.

### 8. Copies and Exemplification

Defendant River Metals seeks $1,699.34 for the cost of copies, digital imaging, and document production. Plaintiff contends that River Metals has failed to show that these copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). River Metals responds by stating that its attorney has declared under penalty of perjury that the costs were necessary costs. River Metals further argues that it would be judicially and economically inefficient to go line by line and declare the necessary reason that each copy was obtained or made.

While the Court recognizes the tedious nature of denoting the necessity of each charge, such a concern does not render the language of the statute moot. Section 1920 clearly states that to be recoverable copies must have been necessarily obtained for use in the case. With the exception of one invoice showing that $108.71 was incurred as a result of copying Plaintiff's discovery

documents during document exchange, the Court finds that River Metals has failed to demonstrate that the claimed charges were necessarily obtained for use in this case. See Wright v. Blythe-Nelson, 2004 WL 2870082, at *10 (N.D. Tex. Dec. 13, 2004) (rejecting the argument that counsel's statement, signed under the penalty of perjury, was sufficient to establish that the submitted copy charges were necessary under § 1920). Rather than denying the recovery of the remaining costs outright, the Court will grant Defendant River Metals fourteen (14) days to amend this section of its bill of costs to reflect that the charges incurred were necessary for use in the case. See Thompson, 2010 WL 2044542, at *7 (granting prevailing party 10 day extension to supplement its copy expenses). Therefore, the Court grants Defendant River Metals costs in the amount of $108.71 and reserves judgment on the remaining costs in this section.

### 9. Witnesses Fees and Mileage

Defendant River Metals seeks $2,301.78 for expert witness fees, witness fees for trial preparation, witness fees for trial attendance, and certain mileage fees associated with those three events. Plaintiff objects to these charges on several grounds. Plaintiff first contends that expert witness fees are not recoverable under § 1920. Plaintiff also objects to the taxation as costs of witness fees and mileage for trial preparation and attendance when there was no trial. Lastly, Plaintiff contends that River Metals should be prohibited from recovering any fees associated with its expert's deposition because he was deposed as the Rule 30(b)(6) representative of River Metals and depositions of parties are not recoverable costs. River Metals responds by revising its witness costs and claiming that it is entitled to $40 for the deposition of Roger Daugherty; $40 for the deposition of Timothy Coleman; $40 for the trial testimony of James Lloyd Baker plus mileage costs of $23.87; and $160 for the deposition, trial preparation, and trial testimony of Rick Groenert plus

mileage costs of $151.66 for a total of $455.53 in witness costs.

Although a court may tax fees and disbursements for printing and witnesses under § 1920(3), it is well established that the hourly rate or set fee charged by experts is not recoverable under § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987); L & W Supply Corp. v. Acuity, 475 F.3d 737, 740 (6th Cir. 2007).  Instead, under § 1920 a prevailing party is only entitled to recover witness fees, travel expenses, and subsistence expenses as specified in 28 U.S.C. § 1821.  L & W, 475 F.3d at 738-39.  However, those costs are only recoverable for each day that a witness is "in attendance at any court of the United States, . . . or before any person authorized to take his deposition[.]"  28 U.S.C. § 1821(a)(1).

Defendant River Metals' revised witness costs have sought witness fees associated with three types of events; (1) actual depositions; (2) trial preparation; and (3) trial attendance.  The $40 witness fees submitted by River Metals for the attendance of Coleman and Daugherty at their actual depositions is clearly authorized under § 1821(a)(1) and recoverable under § 1920.  The Court also finds that the $40 witness fee and mileage for the deposition of Groenert is recoverable.  The Court finds that although Groenert was listed as River Metals' Rule 30(b)(6) representative, he was not employed by River Metals at the time of the deposition but was instead hired as an expert for this litigation.  Therefore, the Court finds that Groenert was not a party to this action and the costs associated with his deposition are recoverable.  See U.S. Fire Ins. Co. v. Mikes, 2008 WL 616102, at *3-4 (M.D. Fl. Mar. 3, 2008) (finding that the costs associated with the deposition of a former employee designated as a Rule 30(b)(6) witness were recoverable).

However, the costs submitted by River Metals for the trial preparation of Rick Groenert are not authorized under § 1821 because they are not costs for Groenert's attendance before a court or

at a deposition. Similarly, the fees and mileage submitted for the trial attendance of Groenert and Baker are not authorized because there was no trial, meaning the witnesses were never actually in attendance before a court. See Erickson's Flooring & Supply Co., Inc. v. Tembec, Inc., 2007 WL 1009501, at *1 (E.D. Mich. Mar. 29, 2007) (finding that costs for witness trial attendance were not recoverable when there was no trial). As these charges are not authorized under § 1821, they are not recoverable under § 1920.

Therefore, the Court finds that River Metals is entitled to the following costs for witness fees and mileage: $40 for the deposition of Coleman; $40 for the deposition of Daugherty; and $40 for the deposition of Groenert plus $62.50[1] for the mileage associated with that deposition, for a total amount of $182.50.

**B. S&S's Bill of Costs**

Defendant S&S seeks to recover $2,974.55 as costs. Plaintiff has objected to $782.71 of the requested costs on the grounds that the costs are not permitted under § 1920 or that Defendant S&S has failed to demonstrate that the costs were reasonably necessary. [2]

**1. Bankruptcy Filing Fee**

Defendant S&S seeks $150 for the cost of a filing fee paid to the clerk of the bankruptcy court for a motion for relief from the stay in Timothy J. Smith's pending bankruptcy action. Plaintiff argues that this was not a necessary cost but was one undertaken voluntarily by S&S, and that it was not a cost that was incurred in this action. Plaintiff further argues that the filing fee is not

---

[1] This amount was based upon the mileage distance and rate listed for Rick Groenert's deposition (125 miles at $.50/mile), which was submitted with Defendant River Metals' Bill of Costs [DN 133]. See Def. River Metals' Bill of Costs, Ex. E at 8.

[2] S&S has failed to respond to Plaintiff's objections.

recoverable because only those fees paid to the district court clerk are recoverable under § 1920(1).

The Court is satisfied that the filing fee was necessary and was incurred in this action. Such a motion was necessary to bring Smith into the current action as a third-party Defendant for apportionment reasons. The simple fact that the fee was paid for a motion filed in a different case does not render it a cost incurred in a separate action. The fact remains that but for the suit filed by Madison, S&S would not have had to incur that filing fee. Therefore, the Court believes that it was a necessary cost incurred in this action.

Plaintiff's final argument that recovery under § 1920(1) is limited to those fees listed in § 1914 is not well taken. 28 U.S.C. § 1914 establishes the fees that the district court clerk shall collect in district court actions. Plaintiff argues that because the $150 filing fee at issue was paid to the clerk of the bankruptcy court and not the clerk of the district court, that it is not recoverable. A plain reading of § 1920(1) demonstrates that "any court of the United States may tax as costs . . . [f]ees of the clerk[.]" This section does not state that a district court may tax only fees of the district court clerk. The Court finds that the $150 filing fee to the bankruptcy clerk is a fee of the clerk and as such it is recoverable under § 1920(1).[3] See Levin v. Levans, Inc., 2010 WL 1571192, at *5 (S.D. Fl. Mar. 15, 2010) (finding that a bankruptcy filing fee was recoverable in a district court action under § 1920). Accordingly, the Court finds that Defendant S&S is entitled to these costs in the

---

[3] Furthermore, the Court finds that the Plaintiff's proposed interpretation of § 1920(1) would create inconsistent results in the taxation of costs across the several districts. 28 U.S.C. § 1930, which outlines the fees to be paid in bankruptcy actions, states that the fees for such actions should be paid "to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified[.]" Under Plaintiff's interpretation, litigants in districts without a bankruptcy clerk would be permitted to recover bankruptcy filing fees because those fees would be paid directly to the district court clerk, whereas litigants in districts that have been certified to have a bankruptcy clerk would not be permitted to recover those same fees.

10

amount of $150.

**2. Service of Summons and Subpoena Fees**

Defendant S&S seeks $120 for the cost of serving a subpoena and two summons. Plaintiff objects to these costs on the grounds that S&S has failed to establish that it is entitled to the charges due to discrepancies found in the attachments to the bill of costs. Plaintiff objects to the costs of the service of the subpoena contending that the amount listed on the cover sheet, $50, does not match the amount on the check stub, $40. Plaintiff further argues that the name listed on the check registry, Friedman, is neither a party nor a witness to the current action. It is clear from the materials submitted that S&S is only seeking $40 in association with this subpoena. Furthermore, a cursory reading of the cover sheet reveals that the reason Friedman is written in the check registry is because that is the name of the paralegal that requested the check. As for the $80 that S&S requests for the service of summons, the Court is satisfied that these costs were necessarily incurred in this case and are recoverable under § 1920. Accordingly, the Court finds that S&S is entitled to these costs in the amount of $120.

**3. Mediation Fees**

Defendant S&S seeks $400 for the costs of mediation during the pendency of this action. Plaintiff objects to the taxation of these costs on the grounds that they are not recoverable under § 1920. Mediation fees do not fall within any category of recoverable costs listed in § 1920 and, therefore, are not recoverable. See Veteran Med. Prod., Inc. v. Bionix Dev. Corp., 2010 WL 989802 at *4 (W.D. Mich. Mar. 16, 2010) (finding mediation fees not recoverable under § 1920). Accordingly, Defendant S&S is not entitled to these costs.

**4. Postage for Serving Subpoenas**

Defendant S&S seeks $9.35 for postage fees. Plaintiff contends that postage fees are not recoverable costs under § 1920. Postage fees are not costs that are recoverable under § 1920. See Thompson, 2010 WL 2044542, at *6 (finding that postage expenses are not recoverable under § 1920 (citing King v. Gowdy, 268 F. App'x 389, 391-92 (6th Cir. 2008)). Accordingly, Defendant S&S is not entitled to these costs.

**5. Copies and Exemplification**

Defendant S&S seeks $103.36 for the cost of copies. Plaintiff contends that S&S has failed to show that these copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). While the Court recognizes the tedious nature of denoting the necessity of each charge, such a concern does not render the language of the statute moot. Section 1920 clearly states that to be recoverable copies must have been necessarily obtained for use in the case. Defendant S&S's submission of a bill for copies charged to this action fails to demonstrate that the charges were necessarily obtained for use in the case. Rather than denying the recovery of the remaining costs outright, the Court will grant Defendant S&S fourteen (14) days to amend this section of its bill of costs to reflect that the charges incurred were necessary for use in the case. See Thompson, 2010 WL 2044542, at *7 (granting prevailing party 10 day extension to supplement its copy expenses). Therefore, the Court reserves judgment as to these costs.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants shall provide to the Court, within 14 days of the filing of this Order, documentation regarding the costs for copies and exemplifications as discussed above, and that River Metals shall provide documentation of costs regarding the cost to serve its subpoena duces tecum by the U.S. Marshals Service. Upon filing of

those documents, the Court shall issue a final order.

cc: counsel of record